eral departments, and all of them are conducted under style of departments and are so advertised, to wit, the Law Department of the Southern Medical College, Pharmaceutical Department of the Southern Medical College, and Dental Department of the Southern Medical College; and this is the only manner in which plaintiffs are authorized to advertise and conduct their business. They have never conducted the college or any department thereof in separate and distinct names, and they are not authorized to conduct the dental department under the style of the Southern Dental College.

There was conflicting evidence, the nature of which is indicated by the foregoing statement.

THOMAS W. LATHAM, for plaintiffs.

WALTER R. BROWN, for defendants.

---

COMER v. COMER.

92 569<br>117 560

The controversy being as to whether there is a tenancy in common existing between the parties, and there being controverted facts on which the evidence is conflicting, and also difficult questions of law, there was no error in granting the injunction and appointing a receiver and thus preserving and protecting the property until the respective rights of the parties can, after a full investigation, be ascertained and fixed by final decree. The property consisting entirely of realty and income derived therefrom, the receiver was rightly directed to take possession of all the realty, it being within the power of the court by proper interlocutory orders to provide that he pay over to the defendant from time to time such sums, not exceeding one half of the income, as she is beyond dispute entitled to receive.      *Judgment affirmed.*
June 26, 1893.

Petition for injunction and receiver. Before Judge BARTLETT. Bibb county. April 22, 1893.

HARDEMAN, DAVIS & TURNER, for plaintiff in error.

LANIER, ANDERSON & ANDERSON, M. W. HARRIS and DESSAU & HODGES, *contra.*